# Exhibit A

{100011821}

**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
Flywheel Networks, Inc., and Does 1-20, inclusive.

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
Yana Zelkind

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.

The name and address of the court is:
*(El nombre y dirección de la corte es):* San Francisco Civic Center Courthouse
400 McAllister St., San Francisco, CA 94102-4515

CASE NUMBER:
*(Número del Caso):* CGC-15-545944

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Alexander S. Johnson, SBN. 296942, 635 Bryant St. #3, Palo Alto, CA 94301.  Phone: (650) 665-0651

DATE: MAY 21 2015          CLERK OF THE COURT   Clerk, by    DENNIS TOYAMA     , Deputy
*(Fecha)*                                        *(Secretaria)*                  *(Adjunta)*

BY FAX

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).

**NOTICE TO THE PERSON SERVED: You are served**
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):* Flywheel Networks, Inc.

under: ☒ CCP 416.10 (corporation)   ☐ CCP 416.60 (minor)
       ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
       ☐ CCP 416.40 (association or partnership)   ☐ CCP 416.90 (authorized person)
       ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

SUMMONS

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

Alexander S. Johnson, SBN
alex@alexanderjohnsonlaw.com
635 Bryant St. #3
Palo Alto, CA 94301
Telephone: (650) 665-0651
Facsimile: (650) 618-0427

ENDORSED
F I L E D
San Francisco County Superior Court

MAY 2 1 2015

CLERK OF THE COURT
DENNIS TOYAMA
BY: _____
Deputy Clerk

SUPERIOR COURT FOR THE STATE OF CALIFORNIA

FOR THE COUNTY OF SAN FRANCISCO

Yana Zelkind,

         Plaintiff,

vs.

FLYWHEEL NETWORKS, INC., and

DOES 1-20, inclusive.

         Defendants

Case No. CGC-15-545944

COMPLAINT FOR DAMAGES
DEMAND FOR JURY TRIAL

Plaintiff YANA ZELKIND ("Plaintiff") complaints and alleges

as follows:

BY FAX

\\\

\\\

\\\

Original Complaint For Damages

Page 1

## INTRODUCTION

1. Flywheel Networks ("Flywheel" or "Defendant") is a relatively new technology startup in the real estate space. Flywheel networks and both its executives and employees engaged in atrocious acts of sexual harassment and sex discrimination against Yana Zelkind, a young woman hired by Flywheel to join their sales team, on or around January 28, 2014.

2. Upon being hired by Gary Vartanian, Sales Manager for Flyhweel, Ms. Zelkind was informed that she was replacing a sales person who didn't fit in with the rest of the team. Almost immediately after Yana Zelkind started at Flywheel, her associates in the sales department began a barrage of near constant harassment consisting of sexist, explicitly sexual, offensive, and otherwise inappropriate comments, phone calls, emails from both junior and senior staff at Flywheel networks.

3. Plaintiff endured both verbal and physical harassment on a daily basis from both Timothy Christensen ("Tim") and Steve Boyak ("Steve"). Tim and Steve were both Sales employees working with Yana Zelkind. Their harassment ranged from derisively referring to Plaintiff as "bitch" or "cunt" rather than her given name, to overtly sexual touching and groping of Plaintiff's body. Moreover, whenever Plaintiff made a sale or had any

1  success, Tom and Steve dramatically escalated their harassment of Ms.

2  Zelkind, to punish her success.

4. Plaintiff was routinely subjected to this harassment while under the watch of Sales Manager Gary Vartanian, Project Manager George Payne, and Operations manager Tom Monaghan. As a result of the management's complicity in the harassment, Plaintiff believed she had no choice but to endure to harassment. By September of 2014, Plaintiff was suffering severe emotional trauma from the harassment that was noticeably impacting her personal life and job performance.

5. On Monday September 15, 2014, Plaintiff finally broke down after severely harassment by Steve Boyak and reported the harassment to both her Project Manager and Sales Manager. Her demand for help, ultimately let to a meeting with Operations Manager Tom Monaghan the following day, September 16, 2014.

6. Just one day after complaining about sexual harassment, Tom Monaghan the Operations Manager for Flywheel, rather than reprimanding the harassers, Tom informed Yana that she was being fired and that today would be her last day. Tom demanded Yana sign a document waiving her right to sue, however, Plaintiff refused.

7. Upon refusing to sign a waiver, Yana Zelkind returned to her desk, and made another sale for Flywheel. At which point, Mr. Monaghan confronted Ms. Zelkind at her desk in an overtly threatening manner. While Ms. Zelkind was in her chair, Tom Monaghan, put his hands around the face of Ms. Zelkind holding her still, pushed himself so close to her, that they were almost nose-to-nose, and threatened "You better listen to me."

8. Tom performed this action in an open office in front of the rest of the sales employees. Though she managed to remain calm, Plaintiff left the office that day and immediately filed a complaint with the DFEH, Case No. 374841-127351; and with the EEOC, Case No. 37A-2015-00884-C. Unfortunately, the DFEH was unable to assist Ms. Zelkind. It is now, with Right to Sue provided by the DFEH, Plaintiff brings this action in hopes of achieving a remedy.

## THE PARTIES

9. Plaintiff is a currently a resident of Portland, Oregon part of Multnomah County. During the entire period of time at issue in this lawsuit, Plaintiff resided in Santa Clara County, California. She worked for Defendants in San Mateo County, California.

10. Flywheel Networks, Inc. is a corporation headquartered and doing business in the State of California County of San Francisco.

11. Does 1-20 are unknown, or their roles in the events identified in this complaint are unknown, to Plaintiff at this time. However, they are responsible for the obligations set forth in this Complaint and the acts complained of herein as employees, officers, directors, agents, or alter egos of the Defendant.

## JURISDICTION AND VENUE

12. Venue is proper in this judicial district, pursuant to California Code of Civil Procedure § 395(a). Defendants reside and/or transact business in the County of San Francisco, and are within jurisdiction of this Court for purposes of service of process

## GENERAL ALLEGATIONS

13. Although it is temping to characterize Flywheel Networks and the conduct of its employees as something akin to a college fraternity, the reality is much worse. The pervasive sexual harassment Ms. Zelkind was forced to endure is tantamount to a slow-burn torture. The escalating harassment resulted in severe anxiety, depression, hopelessness, and fear for her own personal safety.

14. From the first day of her employment, Flywheel Networks actively made Ms. Zelkind fearful of speaking out in her own defense. Gary Vartanian, Flywheel Sales Manager, a made it clear that any employee who cannot "fit in" with the sales team was going to be terminated. Upon her hiring, Gary told Ms. Zelkind that the last employee was terminated for "not fitting in."

15. As a result of Mr. Vartanian's statements, Ms. Zelkind found herself trapped in a situation where she was forced to endure extreme and outrageous conduct from her co-workers, and yet being unable to get help or even speak out in her own defense, for fear of losing her job for "not fitting in."

16. With rent, utility payments, and other typical expenses, Ms. Zelkind faced the harsh reality of being unable to pay her bills, and other outstanding debt, if she lost her job at Flywheel for speaking out against abuse.

17. On or near July 28, 2014, Plaintiff began working at Flywheel as part of an all male sales team. At the time of the events described here in, Ms. Zelkind was the only woman in the group.

18. From the first day of work, Plaintiff was harassed both sexually and for her gender, by Timothy Christensen ("Tim") and Steve Boyak ("Steve"). Both of which were employees of Flywheel at the time of these events, and part of the same sales group as Ms. Zelkind.

Original Complaint For Damages

19. Tim and Steve began harassing Ms. Zelkind because of her gender within only a few day of her joining Flywheel. The pair would often make derogatory comments about women directly in front of Ms. Zelkind, the other sales team members, and their supervisors. Tim and Steve regularly referred to women as incompetent, incapable, and merely sex objects. The pair made these comments loudly, and not more than a few feet from Plaintiff. Plaintiff attempted to communicate her discomfort to her co-works, but it only encouraged their behavior.

20. Additionally, the sales team would carry on offensive conversations about their genitals, sexual encounters, and other explicit topics, with the intention of making Ms. Zelkind uncomfortable their shared work space.

21. Many of these despicable acts occurred directly under the watch of Mr. Vartanian, a Flywheel Sales Manager. Tim and Steve were never reprimanded, disciplined, or deterred from their behavior by any senior management at Flywheel Networks, which only caused their harassment to increase in intensity and frequency.

22. By approximately August 14, 2014, Tim and Steve had escalated their harassment of Ms. Zelkind from general derogatory remarks about women, to specific attacks on Ms. Zelkind.

23. These attacks ranged in grotesquery and severity; from refusing to call

**Original Complaint For Damages**

Plaintiff by her given name and only refer to her as "slut," "bitch," or "cunt;" to soliciting sexual favors from Plaintiff; to demanding she answer explicit question about both her private life outside of work, and her own female anatomy.

24. By September 1st, Tim and Steve's harassment had continued to escalate and began to cross over from verbal harassment into physical harassment. At first, the pair started with seemingly innocuous behavior like putting their arms around Plaintiff, or touching her hair. Ms. Zelkind's protests to her co-workers doing the harassment only emboldened Tim and Steve.

25. On or near approximately September 7th, Tim approached Ms. Zelkind from behind, and grabbed and squeezed her posterior, in what Ms. Zelkind describes as an overtly sexual attack.

26. Fearful of losing her job, and without anywhere else to turn, Ms. Zelkind left work to seek comfort from her long-term partner and fiancé. Though Plaintiff was aware of the mental anguish she had been suffering from since starting her new job, she was unaware of the extent of the damage the near constant harassment had caused her personal life.

27. Ultimately, Plaintiffs fiancé could not bear the thought of his partner being overly sexualized at work, and yet unable to leave her job. Over the months of Ms. Zelkind's employment, her personality and temperament became

Original Complaint For Damages

increasingly negative, and ultimately caused irreparable harm to her relationship with her fiancé.

28. After learning of the extreme harassment Ms. Zelkind was forced to endure, and her inability to seek help from Flywheel management, Plaintiff's fiancé could no longer cope with the situation, and ended his engagement to Ms. Zelkind, effectively terminating their relationship.

29. During this time, Ms. Zelkind continued to work at Flywheel despite her crumbling personal life. Ms. Zelkind also began receiving professional medical help for her anxiety and acute depression.

30. On or near September 12, 2014, Steve again touched Ms. Zelkind in an overtly sexual manner, throwing her into a panic and causing her to emotionally break down, unable to take the harassment any longer.

31. On September 15, 2014, Plaintiff reported the harassment to Gary Vartanian and George Payne, both of which were senior management at Flywheel at this time.

32. Shortly after the report, Mr. Vartanian called the male sales staff into his office for a short talk. Upon returning from the meeting that day, Tim and Steve stared hostilely at Ms. Zelkind the rest of the day.

33. On September 16, 2014, just one day after reporting the harassment, Plaintiff was called into the office of Tom Monaghan, Flywheel Operations

Original Complaint For Damages

Manager, and was terminated less than 24 hours after reporting the harassment.

34. Mr. Monaghan told Plaintiff that it would be her last day working at Flywheel and she could leave early if she wanted. He also asked her to sign a contract waiving her right to sue, and releasing Flywheel from any legal liability. Though in state of shock, Ms. Zelkind, refused, and returned to her desk to finish her day. Plaintiff even made a sale for Flywheel on the 16th after learning of her termination.

35. Shortly after returning to her desk the afternoon of September 16, 2014, Tom Monaghan approached Plaintiff from behind, and spun her chair around to face him. Before Plaintiff knew was what going on, Mr. Monaghan grabbed both sides of her head, pulled Plaintiff's face so close to his own that Ms. Zelkind could feel his hot breath on her face, and threateningly growled, "You better listen to what I said." He released Ms. Zelkind and stormed away, leaving Plaintiff in fear of her own physical safety.

36. After being accosted by Mr. Monaghan, Ms. Zelkind was terrified and trembling from fear. She immediately, packed her belonging and left Flywheel Networks.

37. After losing her only source of income, her fiancé, and being saddled with on going treatment for anxiety and depression, Plaintiff had no choice but to

Original Complaint For Damages

return to her family home in Portland, Oregon, to recover from her traumatic
time at Flywheel and look for new employment.

38. Shortly thereafter, Ms. Zelkind, initiated a complaint of employment
discrimination before the state of California Department of Fair Employment
and Housing (DFEH No. 37481-127351, EEOC No. 37A-2015-00884-C).
Though the DFEH was unable to successful resolve Ms. Zelkind's complain,
they issued her "Right to Sue" paperwork, and encouraged Ms. Zelkind to
begin working with private counsel.

39. At present, Ms. Zelkind is happily employed with a new company, yet
continues to suffer from, and get professional medical treatment for, anxiety,
depression, self-loathing, and difficulty sleeping, all arising out of her time
at Flywheel.

40. Plaintiff has exhausted all other options, and now turns to the court, not
only in hope of achieving justice for the humiliation and anguish she
suffered at Flywheel Networks, but also in hopes of preventing other female
employees from sharing her same fate.

\\\

\\\

\\\

\\\

## FIRST CAUSE OF ACTION

### (Discrimination in Violation of Cal. Gov't Code §12940(a))

Plaintiff hereby incorporates by reference Paragraphs 1 through 40 of this Complaint as if fully set forth herein and for a cause of action alleges as follows:

41. At all times herein mentioned, California's Fair Employment and Housing Act ("FEHA"), Cal. Government Code § 12940 *et seq.*, was in full force and effect and fully binding upon Defendants. Plaintiff was a member of a group protected by the statute, in particular section 12940(a), prohibiting discrimination in employment based on sex.

42. The termination of Plaintiff's employment by Defendants constitutes discrimination based on sex and violated Government Code §12940(a).

43. As a direct, foreseeable and proximate result of Defendants' unlawful actions, Plaintiff has suffered substantial losses in earnings, other employment benefits, and has incurred other economic losses.

44. As a further direct, foreseeable and proximate result of Defendants' unlawful actions, Plaintiff has suffered emotional distress, humiliation, shame, and embarrassment all to the Plaintiff's damage in an amount to be proven at time of trial.

45. Defendants committed the acts herein despicably, maliciously, and oppressively, with the wrongful intention of injuring Plaintiff, from an

Original Complaint For Damages

improper and evil motive amounting to malice, and in conscious disregard of the rights or safety of Plaintiff and others. Plaintiff is thus entitled to recover punitive damages from Defendants in an amount according to proof.

## SECOND CAUSE OF ACTION

### (Sex Harassment in Violation of Cal. Gov't Code §12940(a)& (j))

Plaintiff hereby incorporates by reference Paragraphs 1 through 40 of this Complaint as if fully set forth herein and for a cause of action alleges as follows:

46. At all times herein mentioned, California's Fair Employment and Housing Act ("FEHA"), Cal. Government Code § 12900 *et seq.*, was in full force and effect and fully binding upon Defendants. In particular section §12940(j), prohibits and employer from sexually harassing an employee on the basis of her sex.

47. The action of Gary Vartanian, Sales Manager, towards Plaintiff, his direct subordinate, as described herein, created a hostile environment permissive of sexual harassment which materially altered Plaintiff's working conditions, and which constitutes sexual harassment in violation of Gov't. Code §12940(j)(1).

48. As a direct, foreseeable and proximate result of Defendants' unlawful actions, Plaintiff has suffered economic damages including back pay, benefits, and other compensation.

49. As a further direct, foreseeable and proximate result of Defendants' unlawful actions, Plaintiff has suffered emotional distress, humiliation, shame, and embarrassment all to the Plaintiff's damage in an amount to be proven at time of trial.

50. Defendants committed the acts herein despicably, maliciously, and oppressively, with the wrongful intention of injuring Plaintiff, from an improper and evil motive amounting to malice, and in conscious disregard of the rights or safety of Plaintiff and others. Plaintiff is thus entitled to recover punitive damages from Defendants in an amount according to proof.

## THIRD CAUSE OF ACTION

**(Failure to Take All Reasonable Steps to Prevent Sexual Harassment in Violation of Cal. Gov't code §12940(k))**

Plaintiff hereby incorporates by reference Paragraphs 1 through 40 of this Complaint as if fully set forth herein and for a cause of action alleges as follows:

Original Complaint For Damages

Page 14

51. At all times herein mentioned, California's Fair Employment and Housing Act ("FEHA"), Cal. Government Code § 12900 *et seq.*, was in full force and effect and fully binding upon Defendants. In particular section §12940(k), makes it an unlawful employment practice for an employer to fail to take all reasonable steps necessary to prevent sexual harassment from occurring.

52. As described above, much of the harassment of Plaintiff by Defendant occurred directly under the supervision of either Gary Vartanian, Tom Monaghan, and other managers employed by Defendant. Their willful blindness, and failure to take any action to prevent harassment, constitutes a complete failure to take any, let alone all, reasonable steps necessary to prevent harassment from occurring in violation of §12940(k).

53. As a direct, foreseeable and proximate result of Defendants' unlawful actions, Plaintiff has suffered economic damages including back pay, benefits, and other compensation.

54. As a further direct, foreseeable and proximate result of Defendants' unlawful actions, Plaintiff has suffered emotional distress, humiliation, shame, and embarrassment all to the Plaintiff's damage in an amount to be proven at time of trial.

55. Defendants committed the acts herein despicably, maliciously, and oppressively, with the wrongful intention of injuring Plaintiff, from an

Original Complaint For Damages

improper and evil motive amounting to malice, and in conscious disregard of the rights or safety of Plaintiff and others. Plaintiff is thus entitled to recover punitive damages from Defendants in an amount according to proof.

## FOURTH CAUSE OF ACTION

### (Retaliation in Violation of Cal. Gov't code §12940(h))

Plaintiff hereby incorporates by reference Paragraphs 1 through 40 of this Complaint as if fully set forth herein and for a cause of action alleges as follows:

56. At all times herein mentioned, California's Fair Employment and Housing Act ("FEHA"), Cal. Government Code § 12900 *et seq.*, was in full force and effect and fully binding upon Defendants. In particular section §12940(h), makes it an unlawful employment practice for to discriminate against any person because the person has opposed any practices forbidden under this part.

57. As described above, despite harassment occurring in pain view of the Defendants, they refused to take any action. Furthermore, in response to Plaintiff's complaint, Defendant's terminated Plaintiff.

58. As a direct, foreseeable and proximate result of Defendants' unlawful actions, Plaintiff has suffered economic damages including back pay, benefits, and other compensation.

Original Complaint For Damages

59. As a further direct, foreseeable and proximate result of Defendants' unlawful actions, Plaintiff has suffered emotional distress, humiliation, shame, and embarrassment all to the Plaintiff's damage in an amount to be proven at time of trial.

60. Defendants committed the acts herein despicably, maliciously, and oppressively, with the wrongful intention of injuring Plaintiff, from an improper and evil motive amounting to malice, and in conscious disregard of the rights or safety of Plaintiff and others. Plaintiff is thus entitled to recover punitive damages from Defendants in an amount according to proof.

## FIFTH CAUSE OF ACTION

### (Intentional Infliction of Emotional Distress)

Plaintiff hereby incorporates by reference Paragraphs 1 through 40 of this Complaint as if fully set forth herein and for a cause of action alleges as follows:

61. The conduct of Defendants' senior management as set forth above was so extreme and outrageous that it exceeded the boundaries of human decency and was beyond pale of conduct tolerated in a civilized society. This conduct was intended to cause severe emotional distress, or was done in reckless disregard of the probability of causing severe emotional distress.

62. As a further direct, foreseeable and proximate result of Defendants'

Original Complaint For Damages

unlawful actions, Plaintiff has suffered emotional distress, humiliation, shame, and embarrassment all to the Plaintiff's damage in an amount to be proven at time of trial.

63. Defendants committed the acts herein despicably, maliciously, and oppressively, with the wrongful intention of injuring Plaintiff, from an improper and evil motive amounting to malice, and in conscious disregard of the rights or safety of Plaintiff and others. Plaintiff is thus entitled to recover punitive damages from Defendants in an amount according to proof.

\\\

\\\

\\\

\\\

\\\

\\\

\\\

\\\

\\\

\\\

\\\

\\\

Original Complaint For Damages

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

1. For compensatory damages, including but not limited to, lost back pay, plus interest, lost fringe benefits and future lost earnings and fringe benefits, lost equity, damages for emotional distress and pain and suffering, according to proof allowed by law;

2. For punitive damages allowed by law;

3. For an award to Plaintiff of costs incurred herein and reasonable attorneys' fees;

4. For an award to Plaintiff of such other and further legal and equitable relief as the Court deems just and proper.

DATED: May 10, 2015

LAW OFFICE OF ALEXANDER JOHNSON

By: _____
Alexander S. Johnson

Attorney for Plaintiff,
Yana Zelkind

Original Complaint For Damages

1
2
3
4
5
6
7                              **JURY DEMAND**
8
9
10          Plaintiff hereby requests trial by jury.
11
12    DATED: May 10, 2015
13
14                              LAW OFFICE OF ALEXANDER JOHNSON
15              By:
16                        Alexander S. Johnson
17                              Attorney for Plaintiff,
18                              Yana Zelkind
19
20
21
22
23
24
25
26
27
28

Alexander S. Johnson, SBN. 296942.
alex@alexanderjohnsonlaw.com
635 Bryant St. #3
Palo Alto, CA 94301
Telephone: (650) 665-0651
Facsimile: (650) 618-0427

ELECTRONICALLY
**FILED**
Superior Court of California,
County of San Francisco
**06/11/2015**
Clerk of the Court
BY:CAROL BALESTRERI
Deputy Clerk

SUPERIOR COURT FOR THE STATE OF CALIFORNIA

FOR THE COUNTY OF SAN FRANCISCO

Yana Zelkind,

              Plaintiff,

vs.

FLYWHEEL NETWORKS, INC., and

DOES 1-20, inclusive

              Defendants

Case No.: CGC-15-545944

FIRST AMENDED COMPLAINT FOR DAMAGES

DEMAND FOR JURY TRIAL

Plaintiff YANA ZELKIND ("Plaintiff") complaints and alleges as follows:

<u>INTRODUCTION</u>

1. Flywheel Networks ("Flywheel" or "Defendant") is a young technology company operating in the real estate industry. Beginning in late January 28, 2014, several employees, managers, and executives of Flywheel engaged in an escalating series of

*First Amended Complaint For Damages*

1

atrocious acts of sexual harassment and gender discrimination against a newly hired young woman, Plaintiff Yana Zelkind.

2. Moreover, Flywheel's executives routinely fostered a culture permissive of harassment. On Plaintiff's first day, Gary Vartanian, Sales Manager for Flywheel, told Ms. Zelkind that she would be fired if she didn't "fit in" with the existing sales team. Shortly thereafter, Plaintiffs co-workers in the sales department began a near constant stream of harassment targeting Ms. Zelkind. These attacks often consisted of derogatory, explicitly sexual, or otherwise offensive remarks and a litany of inappropriate behavior.

3. Plaintiff endured both verbal and physical harassment on a daily basis from both Timothy Christensen ("Tim") and Steve Boyak ("Steve"). Tim and Steve were both Sales employees working with Yana Zelkind. Their harassment ranged from derisively referring to Plaintiff as "bitch" or "cunt" rather than her given name, to overtly sexual touching and groping of Plaintiff's body. Moreover, whenever Plaintiff made a sale or had any success, Tim and Steve would dramatically escalated their harassment of Ms. Zelkind to punish her success.

4. Plaintiff was routinely subjected to this harassment while under the watch of Sales Manager Gary Vartanian, Project Manager George Payne, and Operations manager Tom Monaghan. As a result of the management's complicity in the harassment, Plaintiff believed she had no choice but to endure to harassment. By September of 2014, Plaintiff was suffering severe emotional trauma from the harassment that was noticeably impacting her personal life and job performance.

5. On Monday September 15, 2014, Plaintiff finally broke down after severely harassment by Steve Boyak and reported the harassment to both her Project Manager and Sales

Manager. Her demand for help ultimately led to a meeting with Flywheel Operations
Manager, Tom Monaghan, on the following day, September 16, 2014.

6.  Just one day after complaining about sexual harassment, Plaintiff was terminated by
Flywheel.

7.  Plaintiff left the office that day and immediately filed a complaint with the Department of
Fair Employment and Housing ("DFEH"), Case No. 374841-127351; and with the Equal
Employment Opportunity Commission ("EEOC"), Case No. 37A-2015-00884-C.
Unfortunately, the DFEH was unable to assist Ms. Zelkind and urged her to engage a
private attorney to pursue her case. It is now, with Right to Sue provided by the DFEH,
that Plaintiff brings this action holding Flywheel accountable for their actions, and

## THE PARTIES

8.  Plaintiff is a currently a resident of Portland, Oregon in part of Multnomah County.
During the entire period of time at issue in this lawsuit, Plaintiff resided in Santa Clara
County, California. She worked for Defendants in San Mateo County, California.

9.  Flywheel Networks, Inc. is a corporation headquartered and doing business in the State
of California, County of San Francisco.

10. Does 1-20 are unknown, or their roles in the events identified in this complaint are
unknown, to Plaintiff at this time. However, they are responsible for the obligations set
forth in this Complaint and the acts complained of herein as employees, officers,
directors, agents, or alter egos of the Defendant.

\\\

\\\

## JURISDICTION AND VENUE

11.   Venue is proper in this judicial district, pursuant to California Code of Civil Procedure § 395(a). Defendants reside and/or transact business in the County of San Francisco, and are within jurisdiction of this Court for purposes of service of process

## GENERAL ALLEGATIONS

12.   Although it is temping to characterize Flywheel Networks and the conduct of its employees as something akin to a college fraternity, the reality is much worse. The pervasive sexual harassment Ms. Zelkind was forced to endure is tantamount to a slow-burn torture which ultimately resulted in severe anxiety, depression, hopelessness, and a fear for her own personal safety.

13.   On or near July 28, 2014, Plaintiff began working at Flywheel as the only female in a sales team comprised entirely of men.

14.   From the start, Flywheel Networks, actively made Ms. Zelkind fearful of speaking out in her own defense. Gary Vartanian, Flywheel Sales Manager, made it clear that any employee who cannot "fit in" with the sales team was going to be terminated. Upon her hiring, Gary warned Ms. Zelkind that the last employee was terminated for "not fitting in." This fraternal culture that was actively fostered by Defendants created an environment ripe for abuse.

15.   As a result of Mr. Vartanian's statements, Ms. Zelkind found herself trapped in a situation where she was forced to endure extreme and outrageous conduct from her co-workers but was unable to get help or even speak out in her own defense for fear of losing her only source of income.

First Amended Complaint For Damages                                            4

16. With rent, utility payments, and other typical expenses, Ms. Zelkind faced the harsh reality of being unable to pay her bills and other outstanding debts, if she lost her job at Flywheel for speaking out against abuse.

17. The primary perpetrators of the heinous acts described herein are Timothy Christensen ("Tim") and Steve Boyak ("Steve"). At the time of the allegations, Tim and Steve were Senior Sales Associates at Flywheel and worked in close physical proximity to Plaintiff. The two men were initially asked to help Ms. Zelkind acclimate to the new job, but shortly after Plaintiff started, the behavior of Tim and Steve took a dark turn.

18. Tim and Steve began harassing Ms. Zelkind because of her gender within only a few day of her joining Flywheel. The pair would openly make derogatory comments about women directly in front of Ms. Zelkind, other sales team members, and their supervisors. Tim and Steve regularly referred to women as "incompetent", "incapable", and merely sex objects.

19. Tim and Steve would often hold these conversations while surrounding Ms. Zelkind, with the intention of making her uncomfortable. Eventually, Plaintiff attempted to communicate her discomfort to Tim and Steve, but it only encouraged their behavior and caused them to escalate the severity of their attacks.

20. The pair became emboldened by the apparent approval from Flywheel's managers and executive, who would often be in the same room as Tim and Steve, as they subtly harassed Ms. Zelkind. Without fear of punishment, Tim, Steve, and other employees would regularly carry on offensive conversations about their genitals, sexual encounters, and other explicit topics, with the intention of making Ms. Zelkind uncomfortable in their shared work space.

21. When Ms. Zelkind attempted to ignore the conversation, Tim or Steve would bombard Plaintiff with explicit questions and false accusations of impropriety, until she was compelled to respond.

22. Many of these despicable acts occurred directly under the watch of Mr. Gary Vartanian, a Flywheel Sales Manager. On several occasions, Plaintiff observed Mr. Vartianian smile or laugh softly at the behaviors of Tim and Steve, seemingly oblivious to the harm being done to Ms. Zelkind. Tim and Steve were never reprimanded, disciplined, or deterred from their behavior by any senior management at Flywheel Networks. As a result, Tim and Steve again escalated their attack on Ms. Zelkind.

23. By approximately August 14, 2014, Tim and Steve had evolved their harassment of Ms. Zelkind from general derogatory or explicit remarks, to specific attacks on Ms. Zelkind.

24. These attacks ranged in grotesquery and severity; from refusing to call Plaintiff by her given name and only refer to her as "slut," "bitch," or "cunt;" to soliciting sexual favors from Plaintiff; to demanding she answer explicit question about both her intimate life outside of work and even her own female anatomy.

25. By September 1st, Tim and Steve's harassment had continued to escalate and began to cross over from verbal abuse into physical harassment. At first, the pair started with seemingly innocuous behavior like putting their arms around Plaintiff or touching her hair. Though this made Ms. Zelkind extremely uncomfortable, the more she pleaded with Tim and Steve to leave here alone, the more the two men increased the severity of each attack.

26. On or near approximately September 7th, Steve approached Ms. Zelkind from behind and grabbed and squeezed her posterior, in what Ms. Zelkind describes as an overtly sexual

attack. Plaintiff found herself in a state of shock after the groping, and left work that day deeply shaken and afraid for her personal safety.

27. Fearful of losing her job and without anywhere else to turn, Ms. Zelkind left work to seek comfort from her long-term partner and fiancé. Though Plaintiff was aware of the mental anguish she had been suffering from since starting her new job, she was unaware of the extent of the damage the near constant harassment had caused her personal life.

28. Ultimately, Plaintiffs fiancé could not bear the thought of his partner being overly sexualized at work, and yet unable to leave her job. Over the months of Ms. Zelkind's employment, her personality and temperament became increasingly negative, and ultimately caused irreparable harm to her relationship with her fiancé.

29. After learning of the extreme harassment Ms. Zelkind was forced to endure and her inability to seek help from Flywheel management, Plaintiff's fiancé could no longer cope with the situation and ended his engagement to Ms. Zelkind, effectively terminating their relationship.

30. During this time, Ms. Zelkind continued to work at Flywheel despite her crumbling personal life. Neither Tim nor Steve had not groped Plaintiff since the first September 7, 2014, incident. However, much of the day-to-day routine harassment continued to occur.

31. On or near September 12, 2014, Steve again touched Ms. Zelkind in an overtly sexual manner. However, this time the assault on Ms. Zelkind caused a panic attack, causing her to emotionally break down to tears at her desk, unable to take the harassment any longer.

32. On September 15, 2014, the first business day after the September 12th groping incident, Plaintiff reported the harassment to Gary Vartanian and George Payne, both of which were senior management at Flywheel at this time.

First Amended Complaint For Damages

7

33. Shortly after the report, Mr. Vartanian called the male sales staff into his office for a
short meeting. Upon returning from the meeting that day, Tim and Steve sat in silence
and stared hostilely at Ms. Zelkind the rest of the day.

34. On September 16, 2014, just one day after reporting the harassment, Plaintiff was called
into the office of Tom Monaghan, Flywheel Operations Manager, and was terminated
less than 24 hours after the complaint.

35. Mr. Monaghan told Plaintiff that it would be her last day working at Flywheel and she
could leave early if she wanted. He also asked her to sign a contract waiving her right to
sue and releasing Flywheel from any legal liability. Though in a state of shock, Ms.
Zelkind refused, and returned to her desk to finish her day. Plaintiff even made a sale for
Flywheel on the 16th after learning of her termination.

36. Shortly after returning to her desk the afternoon of September 16, 2014, Tom Monaghan
approached Plaintiff from behind and spun her chair around to face him. Before Plaintiff
knew was what going on, Mr. Monaghan grabbed both sides of her head, pulled
Plaintiff's face so close to his own that Ms. Zelkind could feel his hot breath on her face,
and threateningly growled, "You better listen to what I said." He released Ms. Zelkind
and stormed away, leaving Plaintiff in fear of her own physical safety.

37. After being accosted by Mr. Monaghan, Ms. Zelkind was terrified of being physically
harmed and she found herself trembling from fear. She immediately packed her
belonging and left Flywheel Networks.

38. After losing her only source of income, her fiancé, and being saddled with on going
treatment for anxiety and depression, Plaintiff had no choice but to return to her family
home in Portland, Oregon to recover from her traumatic time at Flywheel and look for

First Amended Complaint For Damages

new employment.

39. Immediately after returning to Oregon, Plaintiff began seeking professional mental health support for the trauma she suffered during her time at Flywheel Networks.

40. Shortly thereafter, Ms. Zelkind, initiated a complaint of employment discrimination before the state of California Department of Fair Employment and Housing (DFEH No. 37481-127351, EEOC No. 37A-2015-00884-C). Though the DFEH was unable to successful resolve Ms. Zelkind's complaint they issued her "Right to Sue" paperwork, and encouraged Ms. Zelkind to begin working with private counsel.

41. At present, Ms. Zelkind is happily employed with a new company, yet continues to suffer from and receive professional medical treatment for anxiety, depression, self-loathing, and difficulty sleeping, all arising out of her time at Flywheel. Though she is in treatment, Plaintiff still struggles feeling comfortable around male co-workers, even in her new office.

42. Plaintiff has exhausted all other options, and now turns to the court, not only in hope of achieving justice for the humiliation and anguish she suffered at Flywheel Networks, but also in hopes of preventing other female employees from sharing her same fate.

## FIRST CAUSE OF ACTION

### (Discrimination in Violation of Cal. Gov't Code §12940(a))

Plaintiff hereby incorporates by reference Paragraphs 1 through 42 of this Complaint as if fully set forth herein and for a cause of action alleges as follows:

43. At all times herein mentioned, California's Fair Employment and Housing Act ("FEHA"), Cal. Government Code § 12940 et seq., was in full force and effect and fully

binding upon Defendants. Plaintiff was a member of a group protected by the statute, in particular section 12940(a), prohibiting discrimination in employment based on sex.

44. The termination of Plaintiff's employment by Defendants constitutes discrimination based on sex and violated Government Code §12940(a).

45. As a direct, foreseeable and proximate result of Defendants' unlawful actions, Plaintiff has suffered substantial losses in earnings, other employment benefits, and has incurred other economic losses.

46. As a further direct, foreseeable and proximate result of Defendants' unlawful actions, Plaintiff has suffered emotional distress, humiliation, shame, and embarrassment all to the Plaintiff's damage in an amount to be proven at time of trial.

47. Defendants committed the acts herein despicably, maliciously, and oppressively, with the wrongful intention of injuring Plaintiff, from an improper and evil motive amounting to malice, and in conscious disregard of the rights or safety of Plaintiff and others. Plaintiff is thus entitled to recover punitive damages from Defendants in an amount according to proof.

## SECOND CAUSE OF ACTION

### (Sex Harassment in Violation of Cal. Gov't Code §12940(a)& (j))

Plaintiff hereby incorporates by reference Paragraphs 1 through 42 of this Complaint as if fully set forth herein and for a cause of action alleges as follows:

48. At all times herein mentioned, California's Fair Employment and Housing Act ("FEHA"), Cal. Government Code § 12900 *et seq.*, was in full force and effect and fully

binding upon Defendants. In particular section §12940(j), prohibits and employer from sexually harassing an employee on the basis of her sex.

49. The action of Gary Vartanian, Sales Manager, towards Plaintiff, his direct subordinates, as described herein, created a hostile environment permissive of sexual harassment which materially altered Plaintiff's working conditions, and which constitutes sexual harassment in violation of Gov't. Code §12940(j)(1).

50. As a direct, foreseeable and proximate result of Defendants' unlawful actions, Plaintiff has suffered economic damages including back pay, benefits, and other compensation.

51. As a further direct, foreseeable and proximate result of Defendants' unlawful actions, Plaintiff has suffered emotional distress, humiliation, shame, and embarrassment all to the Plaintiff's damage in an amount to be proven at time of trial.

52. Defendants committed the acts herein despicably, maliciously, and oppressively, with the wrongful intention of injuring Plaintiff, from an improper and evil motive amounting to malice, and in conscious disregard of the rights or safety of Plaintiff and others. Plaintiff is thus entitled to recover punitive damages from Defendants in an amount according to proof.

## THIRD CAUSE OF ACTION

(Failure to Take All Reasonable Steps to Prevent Sexual Harassment in Violation of Cal. Gov't code §12940(k))

Plaintiff hereby incorporates by reference Paragraphs 1 through 42 of this Complaint as if fully set forth herein and for a cause of action alleges as follows:

53. At all times herein mentioned, California's Fair Employment and Housing Act ("FEHA"), Cal. Government Code § 12900 *et seq.*, was in full force and effect and fully binding upon Defendants. In particular section §12940(k), makes it an unlawful employment practice for an employer to fail to take all reasonable steps necessary to prevent sexual harassment from occurring.

54. As described above, much of the harassment of Plaintiff by Defendant occurred directly under the supervision of either Gary Vartanian, Tom Monaghan, and other managers employed by Defendant. Their willful blindness, and failure to take any action to prevent harassment, constitutes a complete failure to take any, let alone all, reasonable steps necessary to prevent harassment from occurring in violation of §12940(k).

55. As a direct, foreseeable and proximate result of Defendants' unlawful actions, Plaintiff has suffered economic damages including back pay, benefits, and other compensation.

56. As a further direct, foreseeable and proximate result of Defendants' unlawful actions, Plaintiff has suffered emotional distress, humiliation, shame, and embarrassment all to the Plaintiff's damage in an amount to be proven at time of trial.

57. Defendants committed the acts herein despicably, maliciously, and oppressively, with the wrongful intention of injuring Plaintiff, from an improper and evil motive amounting to malice, and in conscious disregard of the rights or safety of Plaintiff and others. Plaintiff is thus entitled to recover punitive damages from Defendants in an amount according to proof.

\\\

\\\

\\\

First Amended Complaint For Damages                    12

## FOURTH CAUSE OF ACTION

### (Retaliation in Violation of Cal. Gov't code §12940(h))

Plaintiff hereby incorporates by reference Paragraphs 1 through 42 of this Complaint as if fully set forth herein and for a cause of action alleges as follows:

58. At all times herein mentioned, California's Fair Employment and Housing Act ("FEHA"), Cal. Government Code § 12900 *et seq.*, was in full force and effect and fully binding upon Defendants. In particular section §12940(h), makes it an unlawful employment practice for to discriminate against any person because the person has opposed any practices forbidden under this part.

59. As described above, despite harassment occurring in pain view of the Defendants, they refused to take any action. Furthermore, in response to Plaintiff's complaint, Defendant's terminated Plaintiff.

60. As a direct, foreseeable and proximate result of Defendants' unlawful actions, Plaintiff has suffered economic damages including back pay, benefits, and other compensation.

61. As a further direct, foreseeable and proximate result of Defendants' unlawful actions, Plaintiff has suffered emotional distress, humiliation, shame, and embarrassment all to the Plaintiff's damage in an amount to be proven at time of trial.

62. Defendants committed the acts herein despicably, maliciously, and oppressively, with the wrongful intention of injuring Plaintiff, from an improper and evil motive amounting to malice, and in conscious disregard of the rights or safety of Plaintiff and others. Plaintiff is thus entitled to recover punitive damages from Defendants in an amount according to proof.

\\\

\\\

## FIFTH CAUSE OF ACTION

### (Intentional Infliction of Emotional Distress)

Plaintiff hereby incorporates by reference Paragraphs 1 through 42 of this Complaint as if fully set forth herein and for a cause of action alleges as follows:

63. The conduct of Defendants' senior management as set forth above was so extreme and outrageous that it exceeded the boundaries of human decency and was beyond pale of conduct tolerated in a civilized society. This conduct was intended to cause severe emotional distress, or was done in reckless disregard of the probability of causing severe emotional distress.

64. As a further direct, foreseeable and proximate result of Defendants' unlawful actions, Plaintiff has suffered emotional distress, humiliation, shame, and embarrassment all to the Plaintiff's damage in an amount to be proven at time of trial.

65. Defendants committed the acts herein despicably, maliciously, and oppressively, with the wrongful intention of injuring Plaintiff, from an improper and evil motive amounting to malice, and in conscious disregard of the rights or safety of Plaintiff and others. Plaintiff is thus entitled to recover punitive damages from Defendants in an amount according to proof.

\\\

\\\

\\\

First Amended Complaint For Damages                                        14

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

1. For compensatory damages, including but not limited to, lost back pay, plus interest, lost fringe benefits and future lost earnings and fringe benefits, lost equity, damages for emotional distress and pain and suffering, according to proof allowed by law;

2. For punitive damages allowed by law;

3. For an award to Plaintiff of costs incurred herein and reasonable attorneys' fees;

4. For an award to Plaintiff of such other and further legal and equitable relief as the Court deems just and proper.

DATED: June 10, 2015

LAW OFFICE OF ALEXANDER JOHNSON

By: _____

Alexander S. Johnson

Attorney for Plaintiff,
Yana Zelkind

First Amended Complaint For Damages                                        15

## JURY DEMAND

Plaintiff hereby requests trial by jury.

DATED: June 10, 2015

LAW OFFICE OF ALEXANDER JOHNSON

By: _____
        Alexander S. Johnson
        Attorney for Plaintiff,
        Yana Zelkind

First Amended Complaint For Damages                    16

POS-010

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):<br>Alexander S Johnson, 296942<br>Law Office of Alexander Johnson<br>635 Bryant St. #6<br>Palo Alto, CA 94301<br>TELEPHONE NO.: (650) 380-3385<br>ATTORNEY FOR (Name): Plaintiff | FOR COURT USE ONLY<br><br>**ELECTRONICALLY**<br>**FILED**<br>Superior Court of California,<br>County of San Francisco<br>**06/26/2015**<br>**Clerk of the Court**<br>BY:MADONNA CARANTO<br>**Deputy Clerk** |
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF<br>Superior Court of California, San Francisco County<br>400 McAllister Street, Civil<br>San Francisco, CA 94102-0000 | |

| | |
|---|---|
| PLAINTIFF/PETITIONER: Yana Zelkind<br><br>DEFENDANT/RESPONDENT: Flywheel Networks, Inc | CASE NUMBER:<br>CGC-15-545944 |
| **PROOF OF SERVICE OF SUMMONS** | Ref. No. or File No.:<br>none |

1. At the time of service I was a citizen of the United States, at least 18 years of age and not a party to this action.

2. I served copies of: First Amended Complaint, Summons, Civil Case Cover Sheet, Notice to Plaintiff, ADR Information Package, Complaint

*By Fax*

3. a. Party served: Flywheel Networks, INC.

   b. Person Served: Ali Hamed – Person authorized to accept service of process

4. Address where the party was served:  425 Bush Street STE 200
   San Francisco, CA 94108

5. I served the party
   b. by substituted service. On (date): 6/23/2015        at (time): 1:20 PM    I left the documents listed in item 2 with or in the presence of:  Manuel Contreras, Head of Finance
      (1) (business)    a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him or her of the general nature of the papers.

      (4) A declaration of mailing is attached.

6. The "Notice to the Person Served" (on the summons) was completed as follows:
   d. on behalf of:

   Flywheel Networks, INC.

   under:    CCP 416.10 (corporation)

7. Person who served papers
   a. Name:        Dietrich S. Rapalski
   b. Address:     One Legal - 194-Marin
                   504 Redwood Blvd #223
                   Novato, CA 94947
   c. Telephone number: 415-491-0606
   d. The fee for service was:  $ 117.15
   e. I am:
      (3) registered California process server.
         (i)   Employee or independent contractor.
         (ii)  Registration No. 2014-0001236
         (iii) County SAN FRANCISCO

8. I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct.

Date: 6/24/2015

*DIETRICH S RAPALSKI*

Dietrich S. Rapalski
(NAME OF PERSON WHO SERVED PAPERS)                                    (SIGNATURE)

| | |
|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California POS-010<br>[Rev. Jan 1, 2007] | Code of Civil Procedure, § 417.10 |

**PROOF OF SERVICE OF SUMMONS**

OL# 7387783

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name and Address): | | TELEPHONE NO.: | FOR COURT USE ONLY |
|---|---|---|---|
| Alexander S Johnson, 296942<br>Law Office of Alexander Johnson<br>635 Bryant St. #6<br>Palo Alto, CA 94301 | | (650) 380-3385 | |
| ATTORNEY FOR (Name):  Plaintiff | | Ref. No. or File No.<br>none | |

Insert name of court, judicial district or branch court, if any:

Superior Court of California, San Francisco County
400 McAllister Street, Civil
San Francisco, CA 94102-0000

PLAINTIFF:

Yana Zelkind

DEFENDANT:

Flywheel Networks, Inc

| PROOF OF SERVICE BY MAIL | | | | CASE NUMBER:<br>CGC-15-545944 |
|---|---|---|---|---|

I am a citizen of the United States, over the age of 18 and not a party to the within action.  My business address is 504 Redwood Blvd #223, Novato, CA 94947.

On 6/24/2015, after substituted service under section CCP 415.20(a) or 415.20(b) or FRCP 4(e)(2)(B) or FRCP 4(h)(1)(B) was made, I mailed copies of the:

First Amended Complaint, Summons, Civil Case Cover Sheet, Notice to Plaintiff, ADR Information Package, Complaint

# By Fax

to the person to be served at the place where the copies were left by placing a true copy thereof enclosed in a sealed envelope, with First Class postage thereon fully prepaid, in the United States Mail at Los Angeles, CA, California, addressed as follows:

Flywheel Networks, INC.
Ali Hamed
425 Bush Street, STE 200
San Francisco, CA 94108

I am readily familiar with the firm's practice for collection and processing of documents for mailing.  Under that practice, it would be deposited within the United States Postal Service, on that same day, with postage thereon fully prepaid, in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one (1) day after date of deposit for mailing in affidavit.

$ 117.15

| | |
|---|---|
| Vinnie Garcia<br>One Legal - 194-Marin<br>504 Redwood Blvd #223<br>Novato, CA 94947 | I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct and that<br>this declaration was executed on 6/24/2015 at Los Angeles, California.<br><br>Vinnie Garcia |

1  Alexander S. Johnson, SBN. 296942
   alex@alexanderjohnsonlaw.com
2  635 Bryant St. #3
3  Palo Alto, CA 94301
   Telephone: (650) 665-0651
4  Facsimile: (650) 618-0427

ELECTRONICALLY
**FILED**
*Superior Court of California,*
*County of San Francisco*
**06/11/2015**
**Clerk of the Court**
BY:CAROL BALISTRERI
**Deputy Clerk**

5

6          SUPERIOR COURT FOR THE STATE OF CALIFORNIA

7              FOR THE COUNTY OF SAN FRANCISCO

8

9

10  Yana Zelkind,                      )   Case No.: CGC-15-545944
                                       )
11               Plaintiff,            )   FIRST AMENDED COMPLAINT FOR
                                       )   DAMAGES
12  vs.                                )
                                       )   DEMAND FOR JURY TRIAL
13  FLYWHEEL NETWORKS, INC., and       )
                                       )
14                                     )
    DOES 1-20, inclusive.             )
15                                     )
                                       )
16               Defendants           )
                                       )
17                                     )
                                       )
18                                     )
                                       )
19                                     )

20

21          Plaintiff YANA ZELKIND ("Plaintiff") complaints and alleges as

22  follows:

23                      **INTRODUCTION**

24
    1.  Flywheel Networks ("Flywheel" or "Defendant") is a young technology company
25
        operating in the real estate industry. Beginning in late January 28, 2014, several
26
        employees, managers, and executives of Flywheel engaged in an escalating series of
27

28


                    First Amended Complaint For Damages                        1

atrocious acts of sexual harassment and gender discrimination against a newly hired young woman, Plaintiff Yana Zelkind.

2.  Moreover, Flywheel's executives routinely fostered a culture permissive of harassment. On Plaintiff's first day, Gary Vartanian, Sales Manager for Flywheel, told Ms. Zelkind that she would be fired if she didn't "fit in" with the existing sales team. Shortly thereafter, Plaintiffs co-workers in the sales department began a near constant stream of harassment targeting Ms. Zelkind. These attacks often consisted of derogatory, explicitly sexual, or otherwise offensive remarks and a litany of inappropriate behavior.

3.  Plaintiff endured both verbal and physical harassment on a daily basis from both Timothy Christensen ("Tim") and Steve Boyak ("Steve"). Tim and Steve were both Sales employees working with Yana Zelkind. Their harassment ranged from derisively referring to Plaintiff as "bitch" or "cunt" rather than her given name, to overtly sexual touching and groping of Plaintiff's body. Moreover, whenever Plaintiff made a sale or had any success, Tim and Steve would dramatically escalated their harassment of Ms. Zelkind to punish her success.

4.  Plaintiff was routinely subjected to this harassment while under the watch of Sales Manager Gary Vartanian, Project Manager George Payne, and Operations manager Tom Monaghan. As a result of the management's complicity in the harassment, Plaintiff believed she had no choice but to endure to harassment. By September of 2014, Plaintiff was suffering severe emotional trauma from the harassment that was noticeably impacting her personal life and job performance.

5.  On Monday September 15, 2014, Plaintiff finally broke down after severely harassment by Steve Boyak and reported the harassment to both her Project Manager and Sales

Manager. Her demand for help ultimately led to a meeting with Flywheel Operations

Manager, Tom Monaghan, on the following day, September 16, 2014.

6.  Just one day after complaining about sexual harassment, Plaintiff was terminated by

Flywheel.

7.  Plaintiff left the office that day and immediately filed a complaint with the Department of

Fair Employment and Housing ("DFEH"), Case No. 374841-127351; and with the Equal

Employment Opportunity Commission ("EEOC"), Case No. 37A-2015-00884-C.

Unfortunately, the DFEH was unable to assist Ms. Zelkind and urged her to engage a

private attorney to pursue her case. It is now, with Right to Sue provided by the DFEH,

that Plaintiff brings this action holding Flywheel accountable for their actions, and

## THE PARTIES

8.  Plaintiff is a currently a resident of Portland, Oregon in part of Multnomah County.

During the entire period of time at issue in this lawsuit, Plaintiff resided in Santa Clara

County, California. She worked for Defendants in San Mateo County, California.

9.  Flywheel Networks, Inc. is a corporation headquartered and doing business in the State

of California, County of San Francisco.

10. Does 1-20 are unknown, or their roles in the events identified in this complaint are

unknown, to Plaintiff at this time. However, they are responsible for the obligations set

forth in this Complaint and the acts complained of herein as employees, officers,

directors, agents, or alter egos of the Defendant.

\\\

\\\

First Amended Complaint For Damages                                    3

## JURISDICTION AND VENUE

11. Venue is proper in this judicial district, pursuant to California Code of Civil Procedure § 395(a). Defendants reside and/or transact business in the County of San Francisco, and are within jurisdiction of this Court for purposes of service of process

## GENERAL ALLEGATIONS

12. Although it is temping to characterize Flywheel Networks and the conduct of its employees as something akin to a college fraternity, the reality is much worse. The pervasive sexual harassment Ms. Zelkind was forced to endure is tantamount to a slow-burn torture which ultimately resulted in severe anxiety, depression, hopelessness, and a fear for her own personal safety.

13. On or near July 28, 2014, Plaintiff began working at Flywheel as the only female in a sales team comprised entirely of men.

14. From the start, Flywheel Networks, actively made Ms. Zelkind fearful of speaking out in her own defense. Gary Vartanian, Flywheel Sales Manager, made it clear that any employee who cannot "fit in" with the sales team was going to be terminated. Upon her hiring, Gary warned Ms. Zelkind that the last employee was terminated for "not fitting in." This fraternal culture that was actively fostered by Defendants created an environment ripe for abuse.

15. As a result of Mr. Vartanian's statements, Ms. Zelkind found herself trapped in a situation where she was forced to endure extreme and outrageous conduct from her co-workers but was unable to get help or even speak out in her own defense for fear of losing her only source of income.

First Amended Complaint For Damages                                    4

16. With rent, utility payments, and other typical expenses, Ms. Zelkind faced the harsh reality of being unable to pay her bills and other outstanding debts, if she lost her job at Flywheel for speaking out against abuse.

17. The primary perpetrators of the heinous acts described herein are Timothy Christensen ("Tim") and Steve Boyak ("Steve"). At the time of the allegations, Tim and Steve were Senior Sales Associates at Flywheel and worked in close physical proximity to Plaintiff. The two men were initially asked to help Ms. Zelkind acclimate to the new job, but shortly after Plaintiff started, the behavior of Tim and Steve took a dark turn.

18. Tim and Steve began harassing Ms. Zelkind because of her gender within only a few day of her joining Flywheel. The pair would openly make derogatory comments about women directly in front of Ms. Zelkind, other sales team members, and their supervisors. Tim and Steve regularly referred to women as "incompetent", "incapable", and merely sex objects.

19. Tim and Steve would often hold these conversations while surrounding Ms. Zelkind, with the intention of making her uncomfortable. Eventually, Plaintiff attempted to communicate her discomfort to Tim and Steve, but it only encouraged their behavior and caused them to escalate the severity of their attacks.

20. The pair became emboldened by the apparent approval from Flywheel's managers and executive, who would often be in the same room as Tim and Steve, as they subtly harassed Ms. Zelkind. Without fear of punishment, Tim, Steve, and other employees would regularly carry on offensive conversations about their genitals, sexual encounters, and other explicit topics, with the intention of making Ms. Zelkind uncomfortable in their shared work space.

First Amended Complaint For Damages                                            5

21. When Ms. Zelkind attempted to ignore the conversation, Tim or Steve would bombard Plaintiff with explicit questions and false accusations of impropriety, until she was compelled to respond.

22. Many of these despicable acts occurred directly under the watch of Mr. Gary Vartanian, a Flywheel Sales Manager. On several occasions, Plaintiff observed Mr. Vartanian smile of laugh softly at the behaviors of Tim and Steve, seemingly oblivious to the harm being done to Ms. Zelkind. Tim and Steve were never reprimanded, disciplined, or deterred from their behavior by any senior management at Flywheel Networks. As a result, Tim and Steve again escalated their attack on Ms. Zelkind.

23. By approximately August 14, 2014, Tim and Steve had evolved their harassment of Ms. Zelkind from general derogatory or explicit remarks, to specific attacks on Ms. Zelkind.

24. These attacks ranged in grotesquery and severity; from refusing to call Plaintiff by her given name and only refer to her as "slut," "bitch," or "cunt;" to soliciting sexual favors from Plaintiff; to demanding she answer explicit question about both her intimate life outside of work and even her own female anatomy.

25. By September 1st, Tim and Steve's harassment had continued to escalate and began to cross over from verbal abuse into physical harassment. At first, the pair started with seemingly innocuous behavior like putting their arms around Plaintiff or touching her hair. Though this made Ms. Zelkind extremely uncomfortable, the more she pleaded with Tim and Steve to leave here alone, the more the two men increased the severity of each attack.

26. On or near approximately September 7th, Steve approached Ms. Zelkind from behind and grabbed and squeezed her posterior, in what Ms. Zelkind describes as an overtly sexual

attack. Plaintiff found herself in a state of shock after the groping, and left work that day

deeply shaken and afraid for her personal safety.

27. Fearful of losing her job and without anywhere else to turn, Ms. Zelkind left work to

seek comfort from her long-term partner and fiancé. Though Plaintiff was aware of the

mental anguish she had been suffering from since starting her new job, she was unaware

of the extent of the damage the near constant harassment had caused her personal life.

28. Ultimately, Plaintiffs fiancé could not bear the thought of his partner being overly

sexualized at work, and yet unable to leave her job. Over the months of Ms. Zelkind's

employment, her personality and temperament became increasingly negative, and

ultimately caused irreparable harm to her relationship with her fiancé.

29. After learning of the extreme harassment Ms. Zelkind was forced to endure and her

inability to seek help from Flywheel management, Plaintiff's fiancé could no longer cope

with the situation and ended his engagement to Ms. Zelkind, effectively terminating their

relationship.

30. During this time, Ms. Zelkind continued to work at Flywheel despite her crumbling

personal life. Neither Tim nor Steve had not groped Plaintiff since the first September 7,

2014, incident. However, much of the day-to-day routine harassment continued to occur.

31. On or near September 12, 2014, Steve again touched Ms. Zelkind in an overtly sexual

manner. However, this time the assault on Ms. Zelkind caused a panic attack, causing her

to emotionally break down to tears at her desk, unable to take the harassment any longer.

32. On September 15, 2014, the first business day after the September 12th groping incident,

Plaintiff reported the harassment to Gary Vartanian and George Payne, both of which

were senior management at Flywheel at this time.

First Amended Complaint For Damages                                        7

33. Shortly after the report, Mr. Vartanian called the male sales staff into his office for a short meeting. Upon returning from the meeting that day, Tim and Steve sat in silence and stared hostilely at Ms. Zelkind the rest of the day.

34. On September 16, 2014, just one day after reporting the harassment, Plaintiff was called into the office of Tom Monaghan, Flywheel Operations Manager, and was terminated less than 24 hours after the complaint.

35. Mr. Monaghan told Plaintiff that it would be her last day working at Flywheel and she could leave early if she wanted. He also asked her to sign a contract waiving her right to sue and releasing Flywheel from any legal liability. Though in a state of shock, Ms. Zelkind refused, and returned to her desk to finish her day. Plaintiff even made a sale for Flywheel on the 16th after learning of her termination.

36. Shortly after returning to her desk the afternoon of September 16, 2014, Tom Monaghan approached Plaintiff from behind and spun her chair around to face him. Before Plaintiff knew was what going on, Mr. Monaghan grabbed both sides of her head, pulled Plaintiff's face so close to his own that Ms. Zelkind could feel his hot breath on her face, and threateningly growled, "You better listen to what I said." He released Ms. Zelkind and stormed away, leaving Plaintiff in fear of her own physical safety.

37. After being accosted by Mr. Monaghan, Ms. Zelkind was terrified of being physically harmed and she found herself trembling from fear. She immediately packed her belonging and left Flywheel Networks.

38. After losing her only source of income, her fiancé, and being saddled with on going treatment for anxiety and depression, Plaintiff had no choice but to return to her family home in Portland, Oregon to recover from her traumatic time at Flywheel and look for

First Amended Complaint For Damages

1    new employment.

2    39. Immediately after returning to Oregon, Plaintiff began seeking professional mental health

3        support for the trauma she suffered during her time at Flywheel Networks.

4

5    40. Shortly thereafter, Ms. Zelkind, initiated a complaint of employment discrimination

6        before the state of California Department of Fair Employment and Housing (DFEH No.

7        37481-127351, EEOC No. 37A-2015-00884-C). Though the DFEH was unable to

8        successful resolve Ms. Zelkind's complaint they issued her "Right to Sue" paperwork,

9        and encouraged Ms. Zelkind to begin working with private counsel.

10

11   41. At present, Ms. Zelkind is happily employed with a new company, yet continues to

12       suffer from and receive professional medical treatment for anxiety, depression, self-

13       loathing, and difficulty sleeping, all arising out of her time at Flywheel. Though she is in

14       treatment, Plaintiff still struggles feeling comfortable around male co-workers, even in

15       her new office.

16

17   42. Plaintiff has exhausted all other options, and now turns to the court, not only in hope of

18       achieving justice for the humiliation and anguish she suffered at Flywheel Networks, but

19       also in hopes of preventing other female employees from sharing her same fate.

20

21

22                            **FIRST CAUSE OF ACTION**

23              **(Discrimination in Violation of Cal. Gov't Code §12940(a))**

24       Plaintiff hereby incorporates by reference Paragraphs 1 through 42 of this Complaint as if

25   fully set forth herein and for a cause of action alleges as follows:

26

27   43. At all times herein mentioned, California's Fair Employment and Housing Act

28       ("FEHA"), Cal. Government Code § 12940 *et seq.*, was in full force and effect and fully

                          First Amended Complaint For Damages                    9

binding upon Defendants. Plaintiff was a member of a group protected by the statute, in particular section 12940(a), prohibiting discrimination in employment based on sex.

44. The termination of Plaintiff's employment by Defendants constitutes discrimination based on sex and violated Government Code §12940(a).

45. As a direct, foreseeable and proximate result of Defendants' unlawful actions, Plaintiff has suffered substantial losses in earnings, other employment benefits, and has incurred other economic losses.

46. As a further direct, foreseeable and proximate result of Defendants' unlawful actions, Plaintiff has suffered emotional distress, humiliation, shame, and embarrassment all to the Plaintiff's damage in an amount to be proven at time of trial.

47. Defendants committed the acts herein despicably, maliciously, and oppressively, with the wrongful intention of injuring Plaintiff, from an improper and evil motive amounting to malice, and in conscious disregard of the rights or safety of Plaintiff and others. Plaintiff is thus entitled to recover punitive damages from Defendants in an amount according to proof.


### SECOND CAUSE OF ACTION

#### (Sex Harassment in Violation of Cal. Gov't Code §12940(a)& (j))

Plaintiff hereby incorporates by reference Paragraphs 1 through 42 of this Complaint as if fully set forth herein and for a cause of action alleges as follows:

48. At all times herein mentioned, California's Fair Employment and Housing Act ("FEHA"), Cal. Government Code § 12900 *et seq.*, was in full force and effect and fully

binding upon Defendants. In particular section §12940(j), prohibits and employer from sexually harassing an employee on the basis of her sex.

49. The action of Gary Vartanian, Sales Manager, towards Plaintiff, his direct subordinates, as described herein, created a hostile environment permissive of sexual harassment which materially altered Plaintiff's working conditions, and which constitutes sexual harassment in violation of Gov't. Code §12940(j)(1).

50. As a direct, foreseeable and proximate result of Defendants' unlawful actions, Plaintiff has suffered economic damages including back pay, benefits, and other compensation.

51. As a further direct, foreseeable and proximate result of Defendants' unlawful actions, Plaintiff has suffered emotional distress, humiliation, shame, and embarrassment all to the Plaintiff's damage in an amount to be proven at time of trial.

52. Defendants committed the acts herein despicably, maliciously, and oppressively, with the wrongful intention of injuring Plaintiff, from an improper and evil motive amounting to malice, and in conscious disregard of the rights or safety of Plaintiff and others. Plaintiff is thus entitled to recover punitive damages from Defendants in an amount according to proof.

## THIRD CAUSE OF ACTION

### (Failure to Take All Reasonable Steps to Prevent Sexual Harassment in Violation of Cal. Gov't code §12940(k))

Plaintiff hereby incorporates by reference Paragraphs 1 through 42 of this Complaint as if fully set forth herein and for a cause of action alleges as follows:

53. At all times herein mentioned, California's Fair Employment and Housing Act ("FEHA"), Cal. Government Code § 12900 *et seq.*, was in full force and effect and fully binding upon Defendants. In particular section §12940(k), makes it an unlawful employment practice for an employer to fail to take all reasonable steps necessary to prevent sexual harassment from occurring.

54. As described above, much of the harassment of Plaintiff by Defendant occurred directly under the supervision of either Gary Vartanian, Tom Monaghan, and other managers employed by Defendant. Their willful blindness, and failure to take any action to prevent harassment, constitutes a complete failure to take any, let alone all, reasonable steps necessary to prevent harassment from occurring in violation of §12940(k).

55. As a direct, foreseeable and proximate result of Defendants' unlawful actions, Plaintiff has suffered economic damages including back pay, benefits, and other compensation.

56. As a further direct, foreseeable and proximate result of Defendants' unlawful actions, Plaintiff has suffered emotional distress, humiliation, shame, and embarrassment all to the Plaintiff's damage in an amount to be proven at time of trial.

57. Defendants committed the acts herein despicably, maliciously, and oppressively, with the wrongful intention of injuring Plaintiff, from an improper and evil motive amounting to malice, and in conscious disregard of the rights or safety of Plaintiff and others. Plaintiff is thus entitled to recover punitive damages from Defendants in an amount according to proof.

\\\

\\\

\\\

1
2
3
4

### FOURTH CAUSE OF ACTION

#### (Retaliation in Violation of Cal. Gov't code §12940(h))

Plaintiff hereby incorporates by reference Paragraphs 1 through 42 of this Complaint as if
fully set forth herein and for a cause of action alleges as follows:

58. At all times herein mentioned, California's Fair Employment and Housing Act
("FEHA"), Cal. Government Code § 12900 *et seq.*, was in full force and effect and fully
binding upon Defendants. In particular section §12940(h), makes it an unlawful
employment practice for to discriminate against any person because the person has
opposed any practices forbidden under this part.

59. As described above, despite harassment occurring in pain view of the Defendants, they
refused to take any action. Furthermore, in response to Plaintiff's complaint, Defendant's
terminated Plaintiff.

60. As a direct, foreseeable and proximate result of Defendants' unlawful actions, Plaintiff
has suffered economic damages including back pay, benefits, and other compensation.

61. As a further direct, foreseeable and proximate result of Defendants' unlawful actions,
Plaintiff has suffered emotional distress, humiliation, shame, and embarrassment all to
the Plaintiff's damage in an amount to be proven at time of trial.

62. Defendants committed the acts herein despicably, maliciously, and oppressively, with
the wrongful intention of injuring Plaintiff, from an improper and evil motive amounting
to malice, and in conscious disregard of the rights or safety of Plaintiff and others.
Plaintiff is thus entitled to recover punitive damages from Defendants in an amount
according to proof.

First Amended Complaint For Damages                    13

\\\

\\\

### FIFTH CAUSE OF ACTION

#### (Intentional Infliction of Emotional Distress)

Plaintiff hereby incorporates by reference Paragraphs 1 through 42 of this Complaint as if fully set forth herein and for a cause of action alleges as follows:

63. The conduct of Defendants' senior management as set forth above was so extreme and outrageous that it exceeded the boundaries of human decency and was beyond pale of conduct tolerated in a civilized society. This conduct was intended to cause severe emotional distress, or was done in reckless disregard of the probability of causing severe emotional distress.

64. As a further direct, foreseeable and proximate result of Defendants' unlawful actions, Plaintiff has suffered emotional distress, humiliation, shame, and embarrassment all to the Plaintiff's damage in an amount to be proven at time of trial.

65. Defendants committed the acts herein despicably, maliciously, and oppressively, with the wrongful intention of injuring Plaintiff, from an improper and evil motive amounting to malice, and in conscious disregard of the rights or safety of Plaintiff and others. Plaintiff is thus entitled to recover punitive damages from Defendants in an amount according to proof.

\\\

\\\

\\\

1
2
3
4
5

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

6
7
8

1. For compensatory damages, including but not limited to, lost back pay, plus interest, lost fringe benefits and future lost earnings and fringe benefits, lost equity, damages for emotional distress and pain and suffering, according to proof allowed by law;

9

2. For punitive damages allowed by law;

10

3. For an award to Plaintiff of costs incurred herein and reasonable attorneys' fees;

11
12

4. For an award to Plaintiff of such other and further legal and equitable relief as the

13

Court deems just and proper.

14

DATED: June 10, 2015

15
16
17

LAW OFFICE OF ALEXANDER JOHNSON

By:

Alexander S. Johnson

18
19

Attorney for Plaintiff,
Yana Zelkind

20
21
22
23
24
25
26
27
28

1

2
## JURY DEMAND

3

4

5
Plaintiff hereby requests trial by jury.

6

7
DATED: June 10, 2015

8
LAW OFFICE OF ALEXANDER JOHNSON

9

10
By: _____

Alexander S. Johnson

11
Attorney for Plaintiff,

12
Yana Zelkind

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

First Amended Complaint For Damages                                    16