UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| YANA ZELKIND,<br><br>    Plaintiff,<br><br>    v.<br><br>FLYWHEEL NETWORKS, INC.,<br><br>    Defendant. | Case No. 15-cv-03375-WHO<br><br>**ORDER DISMISSING CASE WITH PREJUDICE AND REFERRING ATTORNEY ALEXANDER JOHNSON TO THE STANDING COMMITTEE ON PROFESSIONAL CONDUCT** |

On October 16, 2015, I granted defendant's motion to compel arbitration and required the parties to file a Joint Status Report every six months apprising the Court of the status of the arbitration. Dkt. No. 38.

On April 15, 2016, defendant filed a status report explaining that arbitration had not commenced and that Alexander Johnson, plaintiff's counsel of record, has indicated that he no longer represents plaintiff[1] and would not oppose a dismissal without prejudice. Dkt. No. 39. However, defendant was unable to secure a joint stipulation regarding a dismissal without prejudice and now seeks a dismissal with prejudice from the Court.

On April 22, 2016 I ordered plaintiff to show cause why this action should not be dismissed for failure to prosecute. Dkt. No. 40. Because the relationship between Johnson and plaintiff was and is unclear, I ordered Johnson to notify plaintiff of my April 22, 2016 Order by telephone and serve plaintiff with a copy of the Order by fax or email and U.S. mail within five days of the date of the Order. I ordered Johnson to file proof of service with the Court by May 2, 2016 and ordered plaintiff to respond by May 12, 2016, explaining why this case should not be

---

[1] No motion to withdraw as counsel or substitution of counsel has been filed with the Court and Johnson remains counsel of record.

dismissed with prejudice.  I instructed that if Johnson intended to withdraw from plaintiff's representation, he must file and serve a motion to withdraw within five days of the date of the Order to show cause.  I explained that it must appear from a declaration accompanying the motion that plaintiff had actual notice of the motion and plaintiff must respond to the motion to withdraw by May 12, 2016.

A hearing was set for May 17, 2016 at 2:00 pm in Courtroom 2, 17th Floor, at which time the order to show cause and any motion to withdraw were to be argued and decided.  Neither plaintiff nor Johnson appeared at the hearing.  Johnson did not file a proof of service or motion to withdraw and did not comply with the April 22, 2016 Order.

On May 17, 2016 I issued a minute entry explaining that Johnson had failed to appear at the May 17, 2016 hearing or comply with court Orders.  Dkt. No. 41.  I noted that the Court would attempt to take steps to compel Johnson to comply with his professional obligations, but that, at the latest, this case would be dismissed on or around the time of the parties' next status conference on October 15, 2016.

Since the May 17, 2016 hearing Johnson has not filed any documents and has not had any communication with the Court or with defense counsel.  Dkt. No. 42.  In its case status report, filed on October 14, 2016, defendant Flywheel Networks Inc. again requests that this case be dismissed with prejudice for failure to prosecute.

As plaintiff and her counsel Johnson have failed to prosecute this case for over a year, and have not complied with the Court's Order to show cause, this case is now DISMISSED WITH PREJUDICE.

Counsel Alexander Johnson has demonstrated an on-going pattern of failure to prosecute this case, to comply with court orders, and to meet his professional obligations to his client, Ms. Zelkind.  I am troubled by Johnson's conduct and accordingly now refer this matter to the Court's

1  Standing Committee on Professional Conduct per Civil Local Rule 11-6.

2  **IT IS SO ORDERED**.

3  Dated: October 24, 2016



WILLIAM H. ORRICK
United States District Judge